UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| PAUL ALLEN BLEVINS, | ) | |
| | ) | Civil No. 10-07-GFVT; |
| Petitioner, | ) | Civil No. 10-24-GFVT[2] |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RANDY WHITE, Warden,[1] | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the *pro se* Petition for Writ of Habeas Corpus [R. 1] pursuant to 28 U.S.C. § 2254 filed by Paul Allen Blevins. Consistent with local practice, this matter was referred to Magistrate Judge Candace J. Smith for initial screening and preparation of a report and recommendation. Judge Smith filed her Recommended Disposition [R. 33] on June 22, 2011. Therein, she recommends that Blevins' petition be denied. [*Id*. at 31-32.] Pursuant to Fed. R. Civ. P. 72(b)(2) a petitioner has fourteen days from the date of service to register his objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d.

---

[1] When Blevins originally filed his petition, he was incarcerated at the Little Sandy Correctional Complex, where Joseph Meko is the Warden, and hence the name of the case was styled on the docket as *Blevins v. Meko*. The proper respondent, however, to a habeas petition is the petitioner's current custodian, and therefore the Court substitutes Warden Randy White in the case caption, and which SHALL BE recorded as such by the Court Clerk henceforth in each of Blevins' two cases.

[2] Blevins filed two separate petitions, each based on a different conviction resulting from different jury trials. [R. 33 at 2-5.] The petitions were combined because of the similarity of the claims asserted in both petitions. [*Id*.] Docket citations throughout this Order reference the 10-cv-07 petition.

981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509. (6th Cir. 1991).

Following the entry of the Recommended Disposition, Blevins raised multiple timely objections [R. 36] totaling nearly forty pages. Although several of these objections do not meet the above criteria for specificity, the Court acknowledges its duty to review Blevins' pleadings under a more lenient standard than the one applied to attorneys because he is proceeding *pro se*, and therefore notes that many of his allegations require "active interpretation" in order to construe them in a manner that states a claim for federal relief. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cr. 1985). When affording Blevins' objections a liberal construction, they trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the reasons that follow, Blevins' objections will be overruled and the Magistrate's Recommended Disposition (R&R) will be adopted.

**I**

Magistrate Smith's R&R accurately sets out the factual and procedural background of the case, and Blevins does not objection to these portions. Because the Court has nothing to add to these sections, the Court therefore incorporates the Magistrate's discussion of the factual record and procedural background. Magistrate Smith also accurately states the applicable standard of review for granting habeas relief pursuant to 28 U.S.C. § 2254(d). Although Blevins does not

object to the legal standards employed by the Magistrate, the Court believes one point of clarification concerning the standard of review is warranted. As Magistrate Smith correctly noted, all but one of Blevins' claims were presented to one or more Kentucky courts before Blevins filed the instant petition. Claims that have been adjudicated on the merits in state court are governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254(d); *Woodford v. Garceau*, 538 U.S. 202, 206-08 (2003). Where AEDPA applies, as it does here,[3] it prevents a federal court from granting a writ of habeas to petitioners "unless (1) the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court'. . . or (2) 'the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Johnson v. Luoma*, 425 F.3d 318, 323 (6th Cir. 2005) (quoting 28 U.S.C. § 2254(d)). "This standard generally requires that federal courts defer to state-court decisions." *Id*. This is a "difficult to meet. . . and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011) (internal quotation marks and citations omitted); *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010). For purposes of federal habeas review, "even if reasonable minds reviewing the record might disagree about the finding in question. . . that does not suffice to supersede the trial court's determination," unless that determination was unreasonable. *Wood v. Allen*,130 S.Ct. 841, 849 (2010) (quoting *Rice v. Collins*, 546 U.S. 333, 339 (2006)). In order to meet this standard, Blevins must demonstrate the

---

[3] The Court notes, as did the Magistrate, that Blevins' claim concerning his counsel's failure to impeach certain witnesses is not governed by AEDPA nor can it be considered by this Court because Blevins failed to exhaust his remedies as to that claim. Blevins does not object to the Magistrate's conclusion on this point.

unreasonableness of the state court's decision by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Loveday v. Davis*, 697 F.2d 135, 138-40 (6th Cir. 1983).

The organization of the R&R groups Blevins' claims into those that the state courts directly addressed, and those claims which the Kentucky Court of Appeals rejected but did not thoroughly discuss.  For purposes of this Order, however, the Court will apply the standard required by AEDPA to each of these claims regardless of the extent to which the Kentucky courts discussed them because AEDPA's requirement of "adjudication on the merits" does not necessitate an extensive statement of reasons on the part of the state courts.  *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011).  Because each claim discussed herein was presented to the Kentucky courts and subsequently rejected by Kentucky courts, AEDPA's deferential standard applies.  *Id*. (finding that a habeas petitioner still bears the burden of showing "there was no reasonable basis" for the state court's denial of relief even when the state court's decision is unaccompanied by an explanation of its reasoning).

**II**

Blevins' objections all relate to his claims concerning ineffective assistance of counsel.  Most of Blevins' arguments are simply repetitions of his previous claims and expressions of his disagreement with the conclusions reached by previous judges in his case.  However, as noted above, the Court reviews *pro se* pleadings under a more lenient standard and has liberally construed his arguments as encompassing six distinct though related objections.[4]  *See Franklin*, 765 F.2d 8at 84-85.  Given this liberal construction, it appears that Blevins primarily objects to

---

[4]  This grouping of Blevins' arguments into six objections represents the Court's best attempt at deciphering his arguments and summarizing them in a more coherent fashion in order to effectively review both his petition and the Magistrate's recommendation. The Kentucky Court of Appeals also noted similar difficulties in interpreting Blevins' arguments, noting that "[a]lthough the majority of Blevins' argument on this issue is rambling and largely incoherent, we believe we have accurately framed the claim." *Blevins v. Commonwealth*, 2009 WL 3399287, at *5 n.15 (Ky. App. Oct. 23, 2009).

4

the Magistrate's conclusions concerning 1) his counsel's failure to call alibi witnesses, 2) his counsel's failure to hire expert witnesses, 3) the trial court's determination about the voluntariness of statements at issue during Blevins' suppression hearing, 4) the admissibility of a surveillance video as corroboration of other witness testimony, 5) his counsel's failure to object to certain witness identifications, and 6) his counsel's failure to object to the admissibility of a gym bag and its contents.

In considering Blevins' claims, the Magistrate and the Kentucky Court of Appeals both applied the proper standard under federal law set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a defendant claiming ineffective assistance of counsel first to show that counsel's performance was deficient by overcoming "the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id*. at 689, and second to demonstrate prejudice resulting from his counsel's errors. *Id*. at 694.

**A**

Blevins first objects to the Magistrate's conclusion concerning his claim that his counsel erred by failing to call alibi witnesses to testify on his behalf. [R. 36 at 7.] In support of this objection, Blevins primarily repeats the arguments presented in his petition concerning his disagreement with his attorney's decision not to call Jennifer Jones as a witness during Blevins' trial. According to Blevins, because Ms. Jones would have testified that Blevins was at her apartment at the time the robbery at issue occurred, it was a violation of his constitutional rights not to be able to call Ms. Jones as part of his defense. The trial court held an evidentiary hearing at which Blevins' counsel explained that he chose not to call Ms. Jones because her own criminal history and current incarceration would be used to impeach her testimony. The Kentucky Court of Appeals later found this explanation sufficient justification of a strategic decision made by

5

Blevins' counsel and noted that Jones' testimony was subject to impeachment by other evidence as well. *Blevins v. Commonwealth*, 2009 WL 3399287, at *5 (Ky. App. Oct. 23, 2009). Consequently, the Kentucky Court of Appeals upheld the trial judge's finding that the decision not to call Ms. Jones did not rise to the level of ineffective assistance of counsel as Blevins claimed. *Id*. The Magistrate reviewed this decision and concluded that it was not contrary to federal law nor was it an unreasonable interpretation of federal law. [R. 33 at 9-10.] Blevins now objects to this conclusion, contending that the Kentucky Court of Appeals incorrectly applied federal law on this point. Blevins argues that because he had a constitutional right to call witnesses in his defense, it was not a sound trial strategy to not call the only alibi witness he had, and the jury might have reached a different verdict if it had heard Jones' testimony. [R. 36 at 7-9.] According to Blevins, his attorney's decision not to call Ms. Jones as a witness amounted to an "exclusion of evidence" that violated Blevins' due process rights. [*Id*. at 9-11.]

While Blevins is correct that the right to call witnesses in one's own defense is part of his constitutional due process rights, *see Chambers v. Mississippi*, 410 U.S. 284, 294 (1973), Blevins has not demonstrated that this right was violated other than to assert that his attorney made a wrong decision in not calling Jones as a witness. "[W]hether to call a witness and how to conduct a witness' testimony are classic questions of trial strategy that merit *Strickland* deference." *Rayborn v. United States*, 489 F. App'x 871, 878 (6th Cir. 2012). While the label of "strategy" or "tactics" should not be used as "a blanket justification for conduct which otherwise amounts to ineffective assistance of counsel," *White v. McAninch*, 235 F.3d 988, 995 (6th Cir. 2000) (internal quotation omitted), an attorney's trial tactics must "fall 'outside the wide range of professionally competent assistance'" in order to be considered constitutionally deficient. *Martin v. Rose*, 744 F.2d 1245, 1249 (6th Cir. 1984) (quoting *Strickland*, 466 U.S. at 690). Here, the Kentucky Court

of Appeals emphasized that Jones' testimony was subject to impeachment, and thus the attorney's decision not to call her as a witness was neither unreasonable nor deficient. The Magistrate also applied the *Strickland* standard, concluding that Blevins' counsel made a strategic choice after fulfilling his duty to make a reasonable investigation – a choice which is "virtually unchallengeable" in such circumstances. [R. 33 at 10 (quoting *Strickland*, 466 U.S. at 690-91).]

The only applicable case Blevins points to in support of his argument is a Fifth Circuit case in which the court found that defense counsel's failure to call favorable witnesses rendered ineffective assistance to defendant because his counsel's reason for not calling the witnesses was a mistaken belief that their testimony was not admissible under state law. *Smith v. Dretke*, 417 F.3d 438, 442-43 (5th Cir. 2005). There, the court upheld the defendant's claim of ineffective assistance of counsel because the attorney's mistake resulted from his failure "to achieve a rudimentary understanding of the well-settled law of self-defense in Texas," which "could have been corrected with minimal legal research." *Id*. Here, there is nothing in the record, the law, or Blevins' arguments suggesting that his attorney made a legal error by not calling Ms. Jones, or that his attorney misunderstood the rules of evidence or any other settled law. Rather, his counsel properly investigated and interviewed Ms. Jones, and then made a strategic decision that her testimony could be impeached – an outcome which likely would not benefit Blevins. This is a clear example of sound trial strategy warranting great deference from a reviewing court. *See Strickland*, 466 at 689-91.

Blevins also notes that a state court's conclusion about a petitioner's claims of ineffective assistance of counsel could be contrary to federal law if the state court required the petitioner to establish prejudice from his counsel's errors by a preponderance of the evidence rather than by a "reasonable probability." [R. 36 at 11-12 (citing *Williams v. Taylor*, 529 U.S. 362, 405-06

7

(2000)).][5] The second prong of *Strickland* requires the defendant to show prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 391. In Blevins' case, however, neither the Kentucky Court of Appeals nor the Magistrate found that Blevins had satisfied even the *first* prong of *Strickland* with respect to the decision not to call Ms. Jones as a witness because her testimony was subject to impeachment under the rules of evidence. Both the Kentucky court and the Magistrate still considered the second prejudice prong as well, by noting Jones' weak credibility and the other evidence contradicting her testimony, thus indicating that if she had testified it likely would not have resulted in an acquittal. *See Blevins*, 2009 WL 3399287, at *5; R. 33 at 10. Neither the state court nor the Magistrate applied a higher standard than that of reasonable probability to Blevins' claims, and to the extent that Blevins argues that the wrong standard was applied, such objection is meritless.

Blevins also argues that a state court's conclusion that a defendant received effective assistance of counsel is a mixed question of law and fact and therefore not subject to the presumptions of § 2254(d). [R. 36 at 12 (quoting *Adams v. Jago*, 703 F.2d 978, 980 (6th Cir. 1983).] While Blevins is correct to the extent that the state court's conclusion involved both questions of law and fact, *see Adams*, 703 F.2d at 980, the case to which Blevins cites predates AEDPA by several years, and this Court must apply the deferential standard of AEDPA to any claim that was litigated on the merits in the state court, as explained above. Moreover, the Magistrate extensively reviewed the record, the arguments, and the pleadings, and did not automatically presume that the state court's conclusion was correct. Thus, to the extent that

---

[5] It appears from this statement that Blevins may be arguing that either the Magistrate or the state court incorrectly applied a higher standard than "reasonable probability" to his claim.

Blevins contends that the Magistrate applied the wrong standard, his objection is overruled.[6]

**B**

Second, Blevins objects to the Magistrate's conclusion that the Kentucky Court of Appeals did not apply an unreasonable or contrary application of federal law when it denied his claim that his counsel was ineffective for failing to hire expert witnesses and failing to seek funds to do so. [R. 36 at 12-19.] According to Blevins, this conclusion by the state court was clearly erroneous, and thus the Magistrate's conclusion that the state court decision was not in error is also incorrect. [*Id*.] Blevins, however, offers no support for this objection, but merely restates his own version of the facts of his case and argues that expert witnesses were needed to establish that version. Blevins' arguments consist of second-guessing his counsel's trial strategy and offering his own speculation as to what certain witnesses might have said in giving testimony. Although Blevins accuses his counsel and the state court of merely speculating as to how certain people would testify, Blevins engages in the same sort of speculation with no reference to how either the state court or the Magistrate erred in their legal analysis.

Specifically, Blevins argues that his treating physician Dr. Vickie Verburg should have been called to testify about his alleged head injury, and that his counsel also should have requested funds from the court to hire Dr. Dianna McCoy to testify as an expert concerning possible post-traumatic effects of head injuries. [*Id*. at 16-18.] Blevins opines that such testimony would be relevant concerning the voluntariness of his confession, and that this testimony should have been offered during both the suppression hearing and his trial. Essentially, Blevins disagrees with the Magistrate's conclusion that choosing not to call these witnesses did not constitute ineffective assistance of counsel. The Kentucky Court of Appeals rejected Blevins'

---

[6] It is unclear what exactly Blevins may be arguing here since he merely quotes a sentence from this case but does not indicate how he believes it applies to his own case or to the R&R.

9

claim on this issue for several reasons. For one thing, the court noted that Blevins was not automatically entitled to funding for expert witnesses as he claims, and that his counsel made a strategic decision that the circumstances did not warrant a request for such funding. *Blevins*, 2009 WL 3399287, at *4. The court also noted that the other evidence in the record directly contradicted Blevins' "self-serving and unsupported" post-trial claim that his confession was obtained by force or threat. *Id*. Consequently, the court decided that his counsel's decision not to call expert witnesses was not constitutionally deficient, and that even if his counsel had erred, there was no reasonable probability that Blevins would have been acquitted even if such experts had testified. *Id*. Such factual findings of the state court are entitled to a presumption of correctness, and even its legal findings warrant deference under AEDPA unless they are contrary to or constitute an unreasonable application of federal law. Blevins does not identify any way in which the state court's finding on this point contradicts or unreasonably applies federal law. Blevins also does not present any specific objection concerning how the Magistrate erred in reviewing this decision. The Magistrate reviewed the Kentucky court's application of the *Strickland* standard, and evaluated the second prong of prejudice even though she agreed that Blevins' attorney's actions were not deficient, especially in light of the evidence that contradicted Blevins' post-trial argument concerning negative effects of a head injury.[7] [*See* R. 33 at 11-13.] The Magistrate's analysis of Blevins' claim concerning possible witnesses is thorough and comprehensive, and the Court is in complete agreement with the Magistrate's conclusion that Blevins failed to meet the requirements of *Strickland* on this point.

---

[7] To the extent that Blevins argues a jury should have been allowed to hear testimony from expert witnesses in order to determine whether his confession was voluntary, the fact that a jury makes credibility determinations of witnesses does not change the fact that the *voluntariness* of a confession is a determination made by the court, not by a jury. *See Crane v. Kentucky*, 476 U.S. 683, 688 (1986).

10

**C**

Related to the previous objection, Blevins also argues that his counsel's failure to move the court to hire expert witnesses to testify during the suppression hearing resulted in the trial court's erroneous determination that his confession was voluntary. [R. 36 at 19.] Thus, according to Blevins, the fact-finding procedure employed by the trial court was inadequate and did not result in a fair suppression hearing. [*Id*. at 20.] The trial court's decision that the statement was admissible was partly based on other corroborating evidence, including a surveillance video that Blevins contends did not actually corroborate the other evidence presented. [*Id*. at 21.] Blevins also contends that that the facts relied upon by the state court are "not fairly supported" by the record, and he appears to argue, perhaps in support of that assertion, that "there's no surveillance video-tape of this robbery," [*id*. at 23] which presumably is partly why he believes the state court erred in admitting his confession.

Upon review of the record, however, it is clear that there was an in-store surveillance system that had an audio and video recording of the robbery at the Tobacco Outlet. An employee of the Tobacco Outlet later identified the robber as Blevins, testifying that although the robber wore a stocking, it did not distort his face and was a "nude" color. *See Blevins v. Commonwealth*, 2004 WL 536160, at *1 (Ky. Mar. 18, 2004). Two other individuals, one an acquaintance of Blevins and another who was his cousin, testified at the trial that they viewed the surveillance recording and positively identified Blevins. *Blevins*, 2009 WL 3399287, at *1. These factual findings by state appellate courts are based on the trial record, including transcripts, and Blevins points to nothing that further supports his inexplicable statement that the outcome of the suppression hearing was not properly supported because there was no surveillance video.

Blevins also repeats his arguments discussed above that a court must only require a

11

defendant to show a "reasonable probability" of prejudice to satisfy the second prong of *Strickland*. [R. 36 at 24.] However, neither the Kentucky Court of Appeals nor the Supreme Court of Kentucky employed a higher standard than the "reasonable probability" standard in any of their conclusions concerning Blevins' claims of ineffective assistance of counsel. Magistrate Smith also applied the correct standard throughout the R&R, and this Court is in agreement with her determination that Blevins did not meet the reasonable probability standard for claiming ineffective assistance of counsel, especially in light of the other evidence presented that supported a finding that his confession was voluntary. Blevins' only other support for his objections related to the suppression hearing are his repeated arguments that his counsel was ineffective. Having already determined that his counsel's decisions not to seek funding for expert witnesses and not to call them to testify at the suppression hearing were strategic decisions that did not rise to the level of ineffective assistance of counsel, any argument that these decisions resulted in an unfair suppression hearing is necessarily rendered moot.

**D**

Blevins next objects to the Magistrate's conclusion that his counsel's failure to object to witness Sherry Mills' identification of Blevins did not constitute ineffective assistance of counsel. [R. 36 at 25.] Yet again, Blevins does not present a specific objection to the Magistrate's legal analysis, but merely disagrees with the outcome. Blevins argued before the Kentucky Court of Appeals that his counsel should have objected to Mills' identification because the Commonwealth had failed to disclose her prior out-of-court identification during discovery. The Kentucky Court of Appeals rejected this argument, emphasizing that upon review of the record, Blevins' counsel "did in fact object to the testimony and move for a mistrial immediately upon learning of Ms. Mills' previously undisclosed attempts to make an out-of-court identification," and that the trial

court overruled both the objection and the motion for a mistrial. *Blevins*, 2009 WL 3399287, at *6. In reviewing the trial court's decision, the Kentucky Court of Appeals further determined that Blevins' counsel's objection and motion for a mistrial were prudent actions that did not fall "below the standard of reasonably competent representation." *Id*. In reviewing the state court's decision, Magistrate Smith also reviewed the record and also determined that, contrary to Blevins' claim, the record reflects that his counsel *did* object to the identification and moved for a mistrial, and that his actions in doing so were reasonable. [R. 33 at 13-14.] Thus, the Magistrate concluded that the Kentucky Court of Appeals did not unreasonably apply federal law in rejecting Blevins' claim. Blevins now objects to that conclusion arguing that both the state court decision and the Magistrate's recommendation are "contrary to federal law" and objectively unreasonable.[8] [*Id*. at 30.] This Court, however, has also reviewed the record and the state court's decision, and can find no legal or factual error in either the state court decision or the Magistrate's conclusion. Thus, Blevins' claim of ineffective assistance of counsel based on his attorney's alleged failure to object to Sherry Mills' identification of him is moot because his attorney did not fail to object to the identification, and to the extent that Blevins objects to the Magistrate's conclusion on this point, such objection is meritless.

E

Finally, Blevins also objects to the Magistrate's conclusion that Blevins' counsel did not provide ineffective assistance by failing to object to the admissibility of a gym bag and its contents. Without any legal support, however, Blevins merely disagrees with the Magistrate's conclusion. Part of Blevins' claims concerning ineffective assistance of counsel that he presented to the Kentucky Court of Appeals was that his counsel failed to object to the admission of

---

[8] Blevins does not elaborate on what he means by this, but because he is acting *pro se*, the Court has again reviewed this portion of the Magistrate's R&R in an attempt to discern any error that would give rise to a viable objection.

incriminating evidence that consisted of a gym bag and its contents which the police seized from his campsite on the night of his arrest. In analyzing this argument, the Kentucky Court of Appeals properly applied the *Strickland* standard by first noting that Blevins "failed to articulate any legal basis which would support a motion to suppress" the evidence at issue or that would support an objection to their admission. *Blevins*, 2009 WL 3399287, at *6. Thus, the court did not find that Blevins' counsel committed any error by not objecting to the admissibility of the evidence. The court further determined that Blevins also failed to satisfy the second *Strickland* prong because he did not establish how the outcome of his trial would have been any different had the evidence been excluded. *Id*. In reviewing the court's decision, Magistrate Smith properly applied the *Strickland* standard and found that the state appellate court did not unreasonably apply federal law. The Magistrate noted that when a defendant's basis for claiming ineffective assistance of counsel is based on a Fourth Amendment claim, "the defendant must also prove that his Fourth Amendment claim is meritorious," *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986), which Blevins failed to do, particularly because he provided no legal grounds for suppressing the evidence that he claims should have been suppressed at trial. [R. 33 at 15.] The Magistrate also agreed with the state court's determination that in light of the other evidence against Blevins, suppression of the gym bag likely would not have changed the verdict, and therefore Blevins failed to demonstrate prejudice in the manner required by *Strickland*. [*Id*.]

     Blevins does not identify any legal error in this analysis on the part of the Magistrate. Instead, Blevins contends that both the state court and the Magistrate failed to recognize that even if Blevins' counsel had lost a motion to suppress, he still should have objected to the evidence being introduced at trial and called Charlie Eaton as a witness to testify that the contents of the gym bag actually belonged to him instead of to Blevins. [R. 36 at 33-34.] Blevins asserts that

this failure on the part of his counsel was not a sound trial strategy. However, if there were no legal basis to object to the admissibility of evidence, Blevins' counsel did not err by deciding not to make such an objection. Moreover, the Sixth Circuit has previously explained that because "numerous potentially objectionable events" occur throughout a trial, a "single failure to object usually cannot be said to have been error unless the evidence sought is so prejudicial to [the defendant] that failure to object essentially defaults the case to the state." *Hodge v. Haeberlin*, 579 F.3d 627, 648 (6th Cir. 2009) (quoting *Lundgren v. Mitchell*, 440 F.3d 754, 774 (6th Cir. 2006)) (internal quotation marks omitted). Here, the content of the gym bag was not the only incriminating evidence against Blevins, and the failure to object to its admissibility was not the sole reason he was convicted. For a failure to object to rise to the level of ineffective assistance of counsel, "defense counsel must so consistently fail to use objections, despite numerous and clear reasons for doing so, that counsel's failure cannot reasonably have been said to have been part of a trial strategy or tactical choice." *Lundgren*, 440 F.3d at 774. The omissions Blevins complains of here do not rise to that level.

As for calling Eaton to testify, Blevins engages in mere supposition as to what Eaton would have testified – his counsel could easily have chosen not to call Eaton as a witness for any number of reasons, and the Court should avoid second-guessing such strategy from a perspective of hindsight. *See White v. McAninch*, 235 F.3d 988, 995 (6th Cir. 2000) (noting that the Supreme Court in *Strickland* cautioned courts "to avoid 'second-guess[ing]' strategic decisions" just because a trial results in a conviction) (quoting *Strickland,* 466 U.S. at 689). Similarly, just because Blevins dislikes the outcome of the state court decisions or the Magistrate's conclusions does not automatically render any of those decisions contrary to clearly established federal law.

**III**

In conclusion, after reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court notes that it is in agreement with Judge Smith's analysis of Blevins' claims concerning ineffective assistance of counsel and her application of the *Strickland* standard to those claims. The Court agrees with the Magistrate's conclusion that Blevins failed to satisfy the *Strickland* standard on any of the claims presented in his habeas petition.

The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . ." Rules Governing Section 2254 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this Order, which adopts and incorporates by reference the Magistrate Judge's recommended disposition, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Petitioner's Objections to the Magistrate's Recommended Disposition [R. 36] are **OVERRULED**;

2. The Petitioner's request for an evidentiary hearing [R. 36 at 34] is DENIED;

3. The Magistrate Judge's Recommended Disposition [**R. 33**] is **ADOPTED** as and for the opinion of this Court;

4. The Petitioner's §2254 Petition [**R. 1**] in **Civil No. 6:10-07** is **DISMISSED WITH PREJUDICE**;

5. The Petitioner's §2254 Petition [**R. 1**] in **Civil No. 6:10-24** also is **DISMISSED WITH PREJUDICE**;

6. A Certificate of Appealability is **DENIED** as to all issues raised by Petitioner; and

7. **JUDGMENT** in favor of the Defendant will be entered contemporaneously herewith.

This the 10th day of December, 2014.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge